McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **NEWMONT USA LIMITED**, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**IMATECH SYSTEMS CYPRUS PTY LTD dba ARMORPIPE<sup>TM</sup> TECHNOLOGIES,** a foreign Corporation; **INTERNATIONAL MATERIALS & TECHNOLOGY PTY LIMITED dba IMATECH**, a foreign Corporation; and **DOES 1 to 10**, inclusive,<br><br>Defendants. | Case No. 3:18-cv-00575-HDM-WGC<br><br>**ORDER GRANTING NEWMONT'S UNOPPOSED MOTION FOR ALTERNATIVE SERVICE** |

Plaintiff, Newmont USA Limited ("Newmont") filed a Motion for Alternative Service (ECF No. 21) upon Defendants Imatech Systems Cyprus Party Limited dba Armorpipe Technologies ("Imatech Cyprus") and International Materials & Technology dba Imatech ("IM&T," collectively "Imatech") pursuant to Federal Rule of Civil Procedure 4(f)(3). At the request of this Court, it also filed a supplement to that motion. ECF No. 26. No opposition has been filed to the Motion. The Court conducted a hearing on the motion on July 17, 2019.[1]

---

[1] The Motion was filed as an emergency motion, but the Court's June 20, 2019 Minute Order vacated the impending service deadline, obviating the need for an emergency motion.

Page 1 of 7

As set forth in the forgoing order, Newmont's Motion as to Imatech Cyprus pursuant to Federal Rule of Civil Procedure 4(f)(3) is hereby GRANTED.

Newmont's Motion as to alternative service on IM&T pursuant to Federal Rule of Civil Procedure 4(f)(3) is hereby DENIED AS MOOT. Since Newmont filed the instant motion, the Court was notified by the Australian Central Authority that service on IM&T was effectuated on March 15, 2019

## I. BACKGROUND

Newmont filed the instant action on December 4, 2018 against Defendants for claims sounding in negligence, strict products liability, breach of express and implied warranty, and negligent misrepresentation. ECF No. 1. The summons was issued on December 6, 2018. ECF No. 2. Newmont named as defendants Imatech Systems Cyprus Party Limited dba Armorpip Technologies ("Imatech Cyprus") and International Materials & Technology dba Imatech ("IM&T," collectively "Imatech"). The parties were listed on the Imatech website as being located in Cyprus and Australia, respectively.

On January 11, 2019, pursuant to the Hauge Service Convention, Newmont filed a motion for issuance of letters rogatory to Cyprus and Australia, which the Court granted on January 14, 2019. ECF Nos. 7, 8. On February 26, 2019, the Court granted Newmont's *ex parte* motion for an extension to effectuate service until July 2, 2019. ECF No. 11.

Newmont counsel avers that IM&T has communicated regularly with Newmont's counsel including approximately sixteen emails and ten telephone calls. IM&T filed a motion to dismiss for lack of personal jurisdiction on April 5, 2019 (ECF No. 13) and consented twice to stipulations to extend Newmont's time to oppose such motion. ECF Nos.16, 20. IM&T's Motion to Dismiss includes a declaration from Warwick John Rule the "sole director and secretary" of IM&T. ECF No. 13, Exhibit A. Warwick John Rule is also listed as the director of Imatech Cyprus.

Newmont has contacted the Cypriot authorities on multiple occasions and remitted the requested fee for effectuating service, but to date, neither Newmont nor the Court have received notification that service has been completed upon Imatech Cyprus. Cyprus is a signatory of the Hague Convention and has not objected to Article 10 of the Hague Convention, including that

article's provisions about transmitting judicial documents by postal service. *See CCH, Cyprus – Central Authority & practical information,* https://www.hcch.net/en/states/authorities/details3/?aid=50, (last visited June 22, 2019) (website maintained by the Hague Conference on Private International Law states that Cyprus has "[no] opposition" to Article 10.).

On June 6, 2019 via telephonic conference, Newmont's counsel requested IM&T's counsel waive the service requirement as to both IM&T and Imatech Cyprus. However, IM&T's counsel stated that did not have the authority to waive such service. Newmont filed this Motion on June 19, 2019 requesting the Court authorize alternative service of Imatech Cyprus and IM&T via email to IM&T's counsel James Whitmire. ECF No. 21. Newmont filed a supplement to the motion on June 25, 2019. ECF No. 26. No opposition has been filed.

Service was effectuated on IM&T in Australia on March 15, 2019. Newmont and this Court received notification of such service on July 3, 2019. ECF No. 28.

## II. DISCUSSION

**A. Service on a Foreign Corporation or Association Under Rule 4**

Rule 4 of the Federal Rules of Civil Procedure governs service of process in civil suits. Fed. R. Civ. P. 4(h)(2) provides that, "[u]nless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation ... must be served ... at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(f), which applies to foreign corporations, provides that service may be completed on a foreign corporation using any of the following methods:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or
(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
(3) ***by other means not prohibited by international agreement, as the court orders.***
Fed. R. Civ. P. 4(f) (emphasis added).

Such alternate means of service may be ordered by a Court pursuant to Rule 4(f)(3) as long the alternate method is not prohibited by international agreement. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) (affirming the propriety of allowing service of process by regular mail and email under Fed. R. Civ. P. 4(f)(3)); *Haffner Int'l Mktg. Grp., Inc. v. Sahin*, No. 2:13-CV-0459-JCM-VCF, 2013 WL 5954379, at *2 (D. Nev. Nov. 5, 2013) (authorizing alternative service via email).

In addition to the text of the Rule, when determining whether the Court should authorize service of process by email, the Ninth Circuit has articulated a two factor test: (1) whether the facts and circumstances necessitate court intervention and justify service by email; and (2) whether the plaintiff has demonstrated that service by email is reasonably calculated to apprise the defendant of the action and afford him an opportunity to respond to the complaint. *Rio Properties Inc.,* 284 F.3d at 1016. The authorization of service under Rule 4(f)(3) is "neither a 'last resort' nor 'extraordinary relief'" and Plaintiff "need not have attempted every permissible means of service of process before petitioning the court for alternative relief." *Id.*

Many district courts within the Ninth Circuit have authorized alternative service by email on foreign defendants under Rule 4(f)(3) since *Rio*. *See e.g. Keck v. Alibaba.com, Inc.*, Case No. 17-cv-05672-BLF, 2018 WL 3632160 (N.D. Cal. July 31, 2018) (permitting electronic service on China-based defendants); *Microsoft Corp. v. Goldah.com Network Tech. Co., LTD.,* Case No. 17-CV-02896-LHK, 2017 WL 4536417 (N.D. Cal., Oct. 11, 2017) (service on Chinese entities and individual defendants by registered email to the email addresses used by the defendants was consistent with Rule 4(f)(3)); *Cerelux v. Yue Shao*, Case No. CV 17-02909-MWF (KSx), 2017 WL 6888253 (C.D. Cal. Apr. 21, 2017) (allowing service by email on defendant in the United Kingdom); *Haffner Int'l Mktg. Grp., Inc. v. Sahin*, No. 2:13-CV-0459-JCM-VCF, 2013 WL

5954379, at *2 (D. Nev. Nov. 5, 2013) (allowing alternative service upon a Turkish company via email); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752 (N.D. Cal. Mar. 27, 2012) (permitting service by email on foreign entity defendants in Anguilla, Antigua, Canada, Hong Kong, Panama, and Thailand).

**B. Newmont May Service Imatech Cyprus Via Email Under Rule 4(f)(3)**

Applying the *Rio* factors to this case, alternate service is warranted in this case because: (1) alternative service is not prohibited by international agreement; (2) is warranted under the particular facts and circumstances presented; (3) and is reasonably calculated to give interested parties notice of the action and an opportunity to present objections.

First, Cyprus is a signatory of the Hague Convention and has not objected to Article 10 of the Hague Convention, so alternative service by email is not prohibited by international agreement. *See Williams-Sonoma Inc. v. Friendfinder Inc.,* No. C06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (authorizing service via email where plaintiff "demonstrated that service via email is not prohibited by an international agreement").

Second, the letters rogatory were issued in January 2019, and though Newmont has made repeated efforts to contact the Cypriot officials, it has yet to receive any verification of service, nor has the Court. Given the six-month delay in service in this case, as well as the fact that IM&T has been served and the lawsuit is proceeding, "The facts and circumstances necessitate court intervention allowing service by email because service pursuant to The Hague Convention . . . under Rule 4(f) has, so far, proven expensive and protracted." *Haffner Int'l Mktg. Grp., Inc.*, 2013 WL 5954379, at *2.

Third, Newmont requests alternative service for both IM&T and Imatech Cyprus via email to James Whitmire, who is IM&T's attorney. Such alternative service is reasonably calculated to apprise defendants of the lawsuit. *Rio Properties Inc.,* 284 F.3d at 1016. The evidence in this case demonstrates that Warwick John Rule is the director of both IM&T and Imatech Cyprus. As IM&T's legal counsel, Mr. Whitmire is in contact with Mr. Rule. Notifying Mr. Rule would put Imatech Cyprus on notice of the case; however, since he is represented by counsel, Newmont has expressed its hesitancy at serving Mr. Rule directly. Thus, alternate service by email to Mr.

1 Whitmire "is reasonably calculated to apprise [both] defendant[s] of the action and afford [them]
2 an opportunity to respond to the complaint." *Haffner Int'l Mktg. Grp., Inc.*, 2013 WL 5954379, at
3 *2.
4     For these reasons, and in view of the fact that no opposition has been filed to Newmont's
5 Motion, Newmont's motion to serve Imatech Cyprus by email under Rule 4(f)(3) is GRANTED.
6 Newmont has already had the documents translated to Cypriot and it may serve both English and
7 Cypriot versions on Mr. Whitmire.
8 / / /
9 / / /
10 / / /
11 / / /
12 / / /
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

///

### III. CONCLUSION

**IT IS HEREBY ORDERED** that:

(1) Newmont's motion to serve Imatech Cyprus via email under Rule 4(f)(3) is **GRANTED.**

(2) Newmont may serve a copy of the summons, complaint, all exhibits to the complaint along with any other service documents and a copy of this order at the following email address, with return receipt requests:

    JWhitmire@santoronevada.com

(3) Newmont has until August 7, 2019 to file a proof of service as to Imatech Cyprus (though the Court anticipates it may be filed sooner).

**IT IS SO ORDERED.**

Dated: July 17, 2019.

_William G. Cobb_
**UNITED STATES MAGISTRATE JUDGE**